## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 16 2015, 8:30 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Steven Knecht
Vonderheide & Knecht, P.C.
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl M. Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

T.M.J.,

*Appellant-Respondent,*

v.

State of Indiana,

*Appellee-Petitioner.*

December 16, 2015

Court of Appeals Case No.
79A02-1504-JV-236

Appeal from the Tippecanoe
Superior Court

The Honorable Faith Graham,
Judge

Trial Court Cause No.
79D03-1501-JD-2

**May, Judge.**

[1] T.M.J. appeals his adjudication of delinquency for an act that would be theft as a Class A misdemeanor[1] if committed by an adult. We affirm.

## Facts and Procedural History

[2] On January 5, 2015, T.M.J. and his friends, C.D. and W.D., were at the bus depot when they spotted a woman looking at her phone. The three boys discussed a plan to take the woman's phone. They decided W.D. would take the phone from the woman when she stepped outside to catch her bus, and W.D. would run away. T.M.J. advised W.D. to avoid "get[ting] caught with it." (Tr. at 57.)

[3] The boys did not take the phone from the first woman because W.D. objected to taking the phone from someone with a child. They then selected a female foreign exchange student named Xi Peng. T.M.J. and C.D. encouraged W.D. to complete the robbery by saying, "There goes your chance, there goes your chance." (*Id*. at 62.) W.D. walked away from the other boys and nearer to Peng. When there were fewer people around, W.D. stepped past Peng, took the phone from her hands, and all three boys started running away. T.M.J. again reminded W.D. not to be caught in possession of the phone.

[4] The boys ran about twelve blocks. Lafayette Police Officer Jason Savage saw the boys walking and started following them. The boys then ran into a nearby

---

[1] Ind. Code § 35-43-4-2(a) (2015).

neighborhood. Officer Savage called for backup and the officers cornered the boys and arrested them. W.D. indicated he stuffed the phone into his underwear while they were running and it fell out.

[5] On January 7, 2015, the State alleged T.M.J. was a delinquent child because he committed what would be Level 5 felony robbery,[2] Class A misdemeanor theft, and Class A misdemeanor resisting law enforcement[3] had the offenses been committed by an adult. The trial court adjudicated T.M.J. as a delinquent for the theft allegation, finding the State presented sufficient evidence he acted as an accomplice.

## Discussion and Decision

[6] T.M.J. argues the State did not present sufficient evidence he acted as an accomplice to the theft of Peng's phone. When reviewing the evidence to support a juvenile adjudication, we do not assess the credibility of the witnesses or reweigh the evidence. *K.W. v. State*, 984 N.E.2d 610, 612 (Ind. 2013). We look only at the evidence and reasonable inferences therefrom supporting the judgment, and we affirm if the record contained probative evidence that would allow a reasonable factfinder to infer the offense was committed. *Id*. Therefore, we may reverse only "if there is no evidence or reasonable inference to support any one of the necessary elements of the offense." *Id*.

---

[2] Ind. Code § 35-42-5-1 (2015).

[3] Ind. Code § 35-44.1-3-1(a) (2015).

[7]     There was sufficient evidence T.M.J. was W.D.'s accomplice. "A person who knowingly or intentionally aids, induces, or causes another person to commit an offense commits that offense." Ind. Code § 35-41-2-4. We consider four factors to determine whether someone is an accomplice: "(1) presence at the scene of the crime; (2) companionship with another at scene of crime; (3) failure to oppose commission of crime; and (4) course of conduct before, during, and after occurrence of crime." *Castillo v. State*, 974 N.E.2d 458, 466 (Ind. 2012). The mere fact a defendant was present during a crime and did not oppose the crime is not sufficient to convict him based on accomplice liability. However, "presence at and acquiescence to a crime, along with other facts and circumstances" may be considered. *Id.*

[8]     The facts most favorable to the trial court's decision are that T.M.J. was present when W.D. took Peng's phone. W.D. testified he, C.D., and T.M.J. rode the bus together to the crime scene. T.M.J. encouraged W.D. to take the phone from Peng and advised W.D. to avoid getting caught with it. Finally, T.M.J. ran when officers chased the three. T.M.J. offers an alternate version of events and suggests he was incapable of exerting authority over W.D. due to their two year age difference, but those are invitations for us to reweigh the evidence, which we cannot do. *See K.W.*, 984 N.E.2d at 612 (appellate court cannot reweigh evidence or judge the credibility of witnesses on appeal).

# Conclusion

[9] The State presented sufficient evidence to support T.M.J.'s adjudication as a delinquent for an act that would be Class A misdemeanor theft if committed by an adult. Accordingly, we affirm.

[10] Affirmed.

Crone, J., and Bradford, J., concur.